ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

ANNE E. NELSON
Arizona State Bar No. 028069
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7693
E-Mail: Anne.Nelson@usdoj.gov
*Attorney for United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation, as a representative of Tiffany Robbins, and en parens patriae on behalf of all members of the Navajo Nation who reside in or visit the City of Winslow.<br><br>    Plaintiff,<br><br>v.<br><br>Jefferson Sessions, Attorney General of the United States, James F. Felte, Jr., Acting Chief of the U.S. Department of Justice Civil Rights Division, City of Winslow, an Arizona municipality, Former Winslow Police Officer Austin Shipley, Winslow Police Officer Ernesto Cano, Former Winslow Police Chief Stephen Garnett, in their individual and official capacities.<br><br>    Defendants. | Case No.: 18-cv-08072-GMS<br><br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS** |

Defendants Jefferson Sessions and James F. Felte, Jr., (hereinafter "Federal Defendants"), by and through undersigned counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, submit this Motion to Dismiss Plaintiff's Complaint.

Plaintiff, Navajo Nation, filed this action as the alleged representative of Tiffany Robbins and *en parens patria* on behalf of its members that live in or travel to the City of Winslow alleging, among other things, that the Federal Defendants violated the fifth amendment equal protection rights of its members when they refused to bring an action against Winslow Police Officers Shipley and Cano.  (Dkt. 1, p. 14).  This Court lacks subject matter jurisdiction over Plaintiff's *Bivens* claims alleged against the Federal Defendants acting in their official capacities.  Moreover, even if Plaintiff's *Bivens* claims could be construed to be alleged against the Federal Defendants in their individual capacities, those claims are subject to dismissal pursuant Fed. R. Civ. P. 12(b)(1) for lack of standing.  This Motion is supported by the following Memorandum of Points and Authorities and all matters of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

Plaintiff, Navajo Nation, is a sovereign Indian Nation, with lands located in Arizona.  (Dkt. 1, ¶ 3).  Plaintiff alleges that one of its members, Loreal Tsingine, was shot and killed by City of Winslow Police Officer Shipley after being suspected of shoplifting at a Circle K store.  (*See* Dkt 1, p. 6-9).  The Complaint alleges that this incident was the subject of an investigation by both the Arizona Department of Public Safety and the Maricopa County Attorney's Office.  (*Id.* at p. 9-10).  The Maricopa County Attorney's Office concluded that criminal prosecution of Officer Shipley was not warranted.  (*Id.* p. 10).  The Navajo Nation's President, Russell Begaye, subsequently requested that former United States Attorney General Loretta Lynch conduct a separate investigation into the shooting.  (*Id.* at ¶ 78.).  The Complaint alleges that in October 2017, the U.S. Department of Justice issued a letter stating that it had concluded its investigation and that there was insufficient evidence to bring further action against Officer Shipley.  (*Id.* at ¶¶ 81-83).

The Navajo Nation alleges that at the time of her death Loreal Tsingine had one minor daughter, Tiffany Robbins, whose father is Moe Robbins.  (Dkt. 1, pp 87-88).  Plaintiff does

1   not allege whether Ms. Tsingine was married to Mr. Robbins at the time of her death, nor does
2   Plaintiff allege whether Mr. Robbins has been appointed as personal representative for Ms.
3   Tsingine's estate.  (*Id.*).  Plaintiff alleges that on March 27, 2018, Mr. Robbins "assigned his
4   claim on behalf of his and Loreal Tsingine's daughter, Tiffany Robbins, to the Navajo Nation."
5   (Dkt. 1, pp 89).
6

7   **II.     LEGAL STANDARD**

8          **A.     Fed. R. Civ. P. 12(b)(1).**

9          Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to
10  dismiss a complaint for lack of subject matter jurisdiction.  When subject matter jurisdiction
11  is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction.
12  *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008)
13  (citing *Tosco Corp. v. Comtys. for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001)).
14  "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental
15  principle that federal courts are courts of limited jurisdiction.'"  *Stock West, Inc. v.
16  Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting
17  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  A party may make a
18  jurisdictional attack that is either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d
19  1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the
20  allegations contained in a complaint are insufficient on their face to invoke federal
21  jurisdiction."  *Id.*  In resolving a facial attack, the court must accept the allegations of the
22  complaint as true.  *Mason v. Arizona*, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003).
23

24  **III.    ARGUMENT**
            **A.     Plaintiff's official capacity *Bivens* claims must be dismissed for lack of
25                   jurisdiction.**

26          The Navajo Nation brings *Bivens* claims against the Federal Defendants alleging that
27  they violated its equal protection rights under the Fifth Amendment by not bringing some type
28  of prosecution in response to Ms. Tsingine's death.  (Dkt. 1, ¶¶ 84-86, 105-107).   The

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint contains no specific allegations against the Federal Defendants in their personal capacities, but rather expressly alleges claims against the Federal Defendants in their official capacities.  (*See id.*; *see also* Claim for Relief at p. 14 seeking injunctive relief directing Sessions and Felte to take appropriate action against Shipley and Cano).

It is well settled that that "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *accord Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  "A *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C.*, v. *United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *see also Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000).

The *Bivens* claims asserted against the Federal Defendants in their official capacities are properly considered claims against the United States.  *See Dugan v. Rank*, 372 U.S. 609, 615 (1963) ("The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.").  This is particularly apparent in the Complaint's demand for injunctive relief to compel the Federal Defendants to institute some form of action against the Winslow Police Officers.  *See* Dkt. # 1, p. 14.  The United States has not waived its sovereign immunity for claims alleging constitutional violations.  *See* 28 U.S.C. § 2679(b)(2)(A); *see also Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) (court lacks subject matter jurisdiction to hear constitutional tort claims against the United States because it has not waived sovereign immunity for such claims).  Thus, the Court lacks jurisdiction over Plaintiff's *Bivens* claims against the Federal Defendants and dismissal is warranted.

1

2

### B.     Plaintiff lacks standing to bring its *Bivens* claims.

3
4
5
6
7
8
9
10
11
12
13
14

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies.  U.S. CONST. art. III, § 2, cl. 1.  "The requisite elements of Article III standing are well established: [a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Hein v. Freedom from Religion Found., Inc.,* 551 U.S. 587, (2007) (internal quotation and citation omitted).  The injury plaintiffs allege must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'"  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted).  Moreover, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Id*, at 561.  At the pleading stage, the plaintiff "has the burden of alleging specific facts sufficient to satisfy" each element of standing.  *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821-823 (9th Cir. 2002).

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff lacks Article III standing to sue the Federal Defendants because it does not, and cannot, allege that it suffered any legally cognizable injury that was caused by the Federal Defendants or that is redressable by the Court.  It is has long been settled that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Sargeant v. Dixon*, 130 F.3d 1067, 1069-1070 (D.C. Cir. 1997) (finding that Plaintiff has no legally cognizable interest in a prosecution and in seeing that laws are enforced); *In re Kaminski*, 960 F.2d 1062, 1064-65 (D.C. Cir. 1992).  The Supreme Court in *Linda R.S. v. Richard D.*, further recognized that "[t]he Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."  410 U.S. at 619 (citations omitted).  The Court's rulings are grounded in separation-of-powers principles that underlie the standing

requirement, which "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).

It is "well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.  Mandamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965); *see also New York v. Muka*, 440 F.Supp. 33, 36 (N.D.N.Y. 1977) (holding that the Department of Justice "possesses an absolute and unreviewable discretion as to what crimes to prosecute."); *Milliken v. Stone*, 7 F.2d 397, 399 (S.D.N.Y. 1925) (finding "the federal courts are without power to compel the prosecuting officers to enforce the penal laws, whatever the grounds of their failure may be. The remedy for inactivity of this kind is with the executive and ultimately with the people.").  Indeed, the Ninth Circuit has indicated,

> Federal Courts exercise the judicial power of the United States pursuant to Article III of the Constitution and specific statutory grants of power. While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, Fed. R. Crim. P. 6, the investigation of crime is primarily an executive function. Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises. Without an indictment or other charge bringing a defendant before the court, or in the absence of a pending grand jury investigation, *a district court has no general supervisory jurisdiction over the course of executive investigations.*

*Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978) (emphasis added).

The Attorney General must exercise the discretion conferred upon him by law. *Weisberg v. U.S. Department of Justice*, 489 F.2d 1195, 1201 (D.C. Cir. 1973) (affirming dismissal of action seeking release of FBI records following President Kennedy's assassination).  "He must evaluate the evidence necessary to an informed judgment. He must decide whether to prosecute or not. He must decide whom to prosecute. He must decide when to prosecute." *Id.*  "Functions in this area belong to the Executive under the Constitution, Article II, Sections 1 and 3, . . ." *Id., see also Pugach v. Klein*, 193 F.Supp. 630, 634-35

(S.D.N.Y. 1961), *Moses v. Kennedy*, 219 F.Supp. 762, 765 (D.C.D.C. 1963), *aff'd sub nom.*, *Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965) (per curiam).  As the D.C. Circuit held in *Katzenbach*, "an investigation as to the adequacy or the execution of [federal] laws is not a matter within the jurisdiction of the judicial branch of this Government." *Id.*

Accordingly, district courts do not have the authority to interfere with the decision-making process of the executive branch regarding whether and when it decides to conduct a criminal, administrative, or regulatory investigation.  Quite simply, the decision regarding whether or not to investigate and/or prosecute is left to the discretion of the Department of Justice, not the Courts.

Here, Plaintiff cannot show that the Court has the authority to compel the Federal Defendants to bring a prosecution against the Winslow Police Officers.  Further, Plaintiff does not allege that they were threatened nor that it could have been threatened with prosecution. Thus, Plaintiff's Complaint lacks a cognizable legal interest and legal relief, and the court should dismiss the action against the Federal Defendants.[1]  *See also, Sargeant,* 130 F.3d at 1069; *In re Kaminski,* 960 F.2d at 1064; *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir.1990).

///

///

---

[1] There are also substantial questions as to whether the alleged assignment of Ms. Tsingine's *Bivens* claim to the Plaintiff is valid under Arizona law sufficient to provide standing, *see e.g., Webb v. Gittlen*, 217 Ariz. 363, 365-366 (2008) (recognizing that Arizona law prohibits the assignment of personal injury claims); *Lingel v. Olben*, 198 Ariz. 249, 254 (App. 2000)(holding that Arizona law prohibits assignment of wrongful death actions); and whether the Plaintiff has established *parens patriae* standing to bring a *Bivens* claim.  *See, e.g., Navajo Nation v. Superior Court of State of Wash. For Yakima Cnty.*, 47 F. Supp. 2d 1233, 1240 (E.D. Wash. 1999) aff'd 331 F.3d 1041 (9th Cir. 2003) ("The governmental entity must raise claims on behalf of all its members, not just a select few.").  The Federal Defendants reserve the right to raise these additional arguments in the event this Motion to Dismiss is denied.  *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) (finding that standing is not subject to waiver as it is a jurisdictional issue that "can be raised at any time, including by the court *sua sponte*").

III.     **Conclusion**

Dismissal of the Federal Defendants for lack of subject matter jurisdiction is necessary because the Federal Defendants are immune from official capacity *Bivens* claims, and because Plaintiff's lack Article III standing to bring their alleged *Bivens* claims against the Federal Defendants in either their official or individual capacities.  For these and the reasons set forth above, the Federal Defendants request the court enter an order dismissing the claims against them.  The Federal Defendants request such further relief as the Court deems just and proper.


Respectfully submitted this this 10th day of September, 2018.


                                                    ELIZABETH A. STRANGE
                                                    First Assistant United States Attorney
                                                    District of Arizona

                                                    */s Anne E. Nelson*
                                                    ANNE E. NELSON
                                                    Assistant U.S. Attorney
                                                    *Attorneys for Defendant*

1

2

3
**CERTIFICATE OF SERVICE**

4
        I hereby certify that on September 10, 2018, I electronically transmitted the attached

5
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

6
Notice of Electronic Filing to the following CM/ECF registrants:

7

8
Katherine Belzowski
Navajo Nation Department of Justice

9
P.O. Box 2010
Window Rock, Arizona 86515

10
kbelzowski@nndoj.org

11
Paul Gattone

12
Law Office of Paul Gattone
301 S. Convent

13
Tucson, Arizona 85701

14
pgattone@aol.com
*Attorneys for Plaintiff*

15

16

17
                                                    */s Anne E. Nelson*_____

18
                                                    ANNE E. NELSON
                                                    Assistant U.S. Attorney

19
                                                    *Attorneys for Defendant*

20

21

22

23

24

25

26

27

28