WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation, | No. CV-18-08072-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jefferson Sessions, et al., | |
| Defendants. | |

Pending before the Court is Defendant Austin Shipley's Motion for Reconsideration (Doc. 52). Shipley requests that the Court reconsider its Order (Doc. 51) declining to set aside a previous Order (Doc. 44) that authorized the Navajo Nation to serve Shipley by publication.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Shipley presents no newly discovered evidence or an intervening change in the controlling law. Thus, he must establish that the Court's previous order declining to set aside a separate previous order was clear error or manifestly unjust. As the Court previously noted, at the time the Court authorized service of process by publication,

Shipley's location was unknown, and he had not disclosed the fact that he was out of the country. (Doc. 51). Service of process by publication under the circumstances was proper under Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(l) (allowing service by publication "if . . . the last known address of the person to be served is within Arizona but . . . the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address . . . and . . . service by publication is the best means practicable in the circumstances for providing the person with notice of the action's commencement.").

Shipley's current motion discloses, for the first time, that he is currently on active duty military service in Syria, and it is uncertain what the duration of his deployment will be. He contends that service of process on him is governed by Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901–4043, and that the service by publication authorized by the Court's order (Doc. 44) does not satisfy due process. But Shipley points to no language in the SCRA governing the service of process for service members on active duty abroad.

There is authority for the conclusion that the SCRA does not affect methods of service on service members overseas. *See Oversole v. Manci*, 216 P.3d 621, 623 (Colo. App. 2009) ("The SCRA does not exempt military service members from service of process."); 53A Am. Jur. 2d Military and Civil Defense § 379 ("The [SCRA], despite its limitations tolling provisions for periods of active duty in military service, does not by its terms exempt persons in the Armed Forces from the service of civil process during the period of their military service and does not prescribe the method of service."). Since nothing in the SCRA establishes that a service member defendant on active duty cannot be served by publication, Shipley's motion for reconsideration is denied.

Shipley also moves to stay this litigation because of his ongoing military service. The SCRA provides relevant guidance to the Court on this point by outlining situations in which servicemembers who are aware of litigation pending against them may obtain stays of that litigation. *See* 50 U.S.C. § 3932(a). It provides that "[a]t any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court

. . . shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if" certain conditions are met. *Id.* (b)(1).

Shipley has not presented the required documentation establishing that those conditions are met here. However, should Shipley do so, the Court will then entertain his request for a stay under the SCRA.

**IT IS THEREFORE ORDERED** that Defendant Austin Shipley's Motion for Reconsideration (Doc. 52) is **DENIED**.

Dated this 29th day of January, 2019.

G. Murray Snow
Chief United States District Judge