WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation,<br><br>   Plaintiff,<br><br>v.<br><br>William P. Barr, et al.,<br><br>   Defendants. | No. CV-18-08072-PCT-GMS<br><br>**ORDER** |

  Pending before the Court is the Motion to Dismiss of Defendants William P. Barr and Eric S. Dreiband. ("the Federal Defendants"). (Doc. 30).[1] Defendants City of Winslow, Officer Ernesto Cano, and Chief Stephen Garnett ("the Winslow Defendants") join the Federal Defendants' Motion. (Doc. 49). Plaintiff Navajo Nation ("the Nation") responded to the Federal Defendants' motion (Doc. 38) but did not respond to the Winslow Defendants' Joinder. For the following reasons the motion is granted as to both the Federal Defendants and the Winslow Defendants.

## BACKGROUND

  Loreal Tsingine, a member of the Navajo Nation ("the Nation"), was killed by officers of the Winslow Police Department during a confrontation over alleged shoplifting. After an investigation by the Arizona Department of Public Safety, the Maricopa County

---

[1] At the time this motion was filed, the Attorney General was Jefferson Sessions and the Acting Chief of the U.S. Department of Justice Civil Rights Division was James F. Felte, Jr. The current Attorney General William P. Barr and Eric S. Dreiband, Assistant Attorney General for the Civil Rights Division of the Department of Justice have been automatically substituted as parties in this suit. *See* Fed. R. Civ. P. 25(d).

Attorney's Office determined that prosecution of the officers involved was not warranted. The Navajo Nation President, Russell Begaye, then wrote to U.S. Attorney General Loretta Lynch seeking an investigation into Tsingine's death. The U.S. Department of Justice was ultimately unable to conclude, after extensive investigation, that the officers involved had not acted in self-defense.

Moe Robbins, the father of Tsingine's young daughter, Tiffany Robbins, thereafter assigned Tiffany's legal claims to the Navajo Nation. The Nation then filed this action. It asserts a claim for money damages against the Federal Defendants under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and two wrongful death claims under 42 U.S.C. § 1983 against the Winslow Defendants. The Nation requests both money damages and injunctive relief against both the Federal and Winslow Defendants.

The Federal Defendants move to dismiss the case against them on the grounds that the Court lacks jurisdiction to hear the claim and, alternatively, that the Nation lacks standing to bring the *Bivens* claim against them. The Winslow Defendants, in addition to their joinder of the Federal Defendants' motion, assert that (1) the Nation lacks standing to bring the claim because the claim was not assignable; (2) the Nation lacks organizational standing; and (3) the Nation also lacks standing under the doctrine of parens patriae.

**DISCUSSION**

**I.    Legal Standards**

The federal courts are courts of limited jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). When subject matter jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that it exists. *Kingman Reef Atoll Investments, L.L.C., v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). Parties may bring either facial or factual subject matter jurisdiction challenges. When resolving a facial attack on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court accepts the allegations of the complaint as true. *Mason v. Arizona*, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003).

## II. Analysis

The Navajo Nation brings its claims both in parens patriae and on behalf of Tiffany Robbins. In Count One, the Nation alleges a claim for wrongful death under 42 U.S.C. § 1983 against Officers Shipley and Cano, the individuals involved in Ms. Tsingine's death. Count One claims damages both on Tiffany's behalf and in parens patriae on behalf of Navajo Nation members. Count Two is a claim for wrongful death under § 1983 against the City of Winslow and former Police Chief Garnett. It claims damages for Tiffany because of the wrongful death of her mother, and damages for Navajo Nation members for policies and customs "that exhibit deliberate indifference to the constitutional rights of persons who are arrested in the City of Winslow and for allowing the use of excessive and unnecessary force." (Doc. 1 at 13). Count Three asserts a claim under *Bivens* for violation of the equal protection rights of Navajo Nation members for the Federal Defendants' decision not to prosecute the Winslow police officers involved in the shooting. Count Three is not brought on behalf of Tiffany Robbins.

As discussed in more detail below, the *Bivens* claim fails for lack of standing. The § 1983 claims on behalf of Tiffany Robbins fail because her wrongful death claims are not assignable under Arizona law. The § 1983 damages claims brought on behalf of Navajo Nation members in Winslow fail because the Nation lacks organizational standing and parens patriae standing. And the claim for injunctive relief under § 1983 likewise fails to state a plausible claim for relief.

### A. The Court lacks jurisdiction over the Nation's action against the Federal Defendants.

In *Bivens*, the Supreme Court recognized a cause of action for money damages against federal actors for violations of the Fourth Amendment. 403 U.S. at 389. The Court has since extended *Bivens* to violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001).

\ \ \

\ \ \

Plaintiffs must make the same showing to state a claim under *Bivens* as they must under 42 U.S.C. § 1983, *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and a plaintiff must therefore show that "(1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor." *Bronstein v. U.S. Customs and Border Protection*, No. 15-cv-02399-JST, 2016 WL 4426900, at *4 (N.D. Cal. Aug. 22, 2016).

But *Bivens* actions "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 173 (9th Cir. 2007). This limitation is grounded in the sovereign immunity of the United States—allowing *Bivens* suits against officers in their official capacities "would merely be another way of pleading an action against the United States." *Id.*

The Nation's complaint asserts a *Bivens* claim against the Federal Defendants in their official capacities as Department of Justice officials. The complaint details the Federal Defendants' responsibilities as DOJ officials, seeks declaratory and injunctive relief, (Doc. 1 at ¶¶ 1-2) and alleges that they were "acting in [their] official capacity as an offer and official of the United States." (Doc. 1 at ¶¶ 8–9). The Nation's claim against the Federal Defendants is based on their "refusal to take action against Defendants Shipley and Cano" and alleges that the decision to not take action "violate[d] the right of Navajo Nation members to equal protection of the laws." (*Id.* at 14 ¶ 105). And the Nation asks for money damages and "[i]njunctive relief directing Defendants Sessions and Felte to take appropriate action against Defendants Shipley and Cano." (*Id.* at 14).

"The general rule is that a suit is against the sovereign if . . . the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963). The relief the Nation seeks against the Federal Defendants would compel the government to act. And the government has not waived sovereign immunity for claims alleging constitutional violations. *See* 28 U.S.C. § 2679(b)(2)(A); *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) (holding that

"courts lack subject matter jurisdiction to hear constitutional damage claims against the United States, because the United States has not waived sovereign immunity with respect to such claims."). For these reasons, the Court lacks jurisdiction to hear the Nation's *Bivens* claim against the Federal Defendants.

The Nation asserts in response that it can simply amend its complaint to cure the jurisdictional problems. However, but as outlined below, any amendment would be futile because the Nation has no claim against the government for exercising its prosecutorial discretion in choosing not to file suit.

### B. The Nation lacks standing to bring its *Bivens* claim.

The Nation does not have standing to bring its *Bivens* action against the Federal Defendants because it has not suffered a cognizable injury and it has not established that its claim would be judicially redressable. Count Three of the complaint asserts that the Federal Defendants' decision to not take action against the Winslow police officers violated the right to equal protection of the Navajo Nation members in Winslow.

The Constitution of the United States limits the jurisdiction of the federal courts to cases or controversies. U.S. Const. art III, § 2, cl. 1. Article III standing includes three elements: (1) a concrete and particularized injury that is "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood that a favorable decision will redress that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* "Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises." *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978). "[A] district court has no general supervisory jurisdiction over the course of executive investigations." *Id.*

These cases compel the conclusion that the Nation does not have standing to challenge the decision of the Attorney General and others at the Department of Justice to not pursue further investigation against the Winslow police officers or to file charges against them. The Nation has no "judicially cognizable interest in the . . . nonprosecution" of the Winslow police officers. *Linda R.S.*, 410 U.S. at 619. The Nation therefore did not suffer a legally cognizable injury when the Federal Defendants chose to not prosecute. And the Nation is not under actual or threatened prosecution itself. *See id.* The Nation therefore lacks standing to contest the choices of the prosecuting authority.

What's more, separation of powers principles dictate that this Court lacks the authority to direct the Attorney General in the exercise of his discretionary prosecutorial powers. *See Weisberg v. U.S. Department of Justice*, 489 F.2d 1195, 1201 (D.C. Cir. 1973) ("Functions in this area belong to the Executive under the Constitution."). And this Court has no authority over the Department of Justice's investigation in the matter because there is no case or controversy. *See* U.S. Const. Art. III, § 2, cl. 1.

### C. Tiffany Robbins' § 1983 claim was not assignable.

As set forth in the complaint, Tiffany Robbins is the daughter of the decedent, Loreal Tsingine. Tiffany's father, Moe Robbins, assigned Tiffany's claim to the Nation. (Doc. 1 at 11–12).

A wrongful death claim brought under § 1983 is construed as a tort claim. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("[T]here can be no doubt that claims brought pursuant to § 1983 sound in tort."); *Pony v. County of Los Angeles*, 433 F.3d 1138, 1143 (9th Cir. 2006) ("The Supreme Court has construed claims brought under Section 1983 as tort claims for personal injury.")

When deciding tort issues involving § 1983, federal courts resolve the questions "by reference to traditional common-law principles." *Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987). "Section 1988 . . . provides that courts should resolve ambiguities in the federal civil rights laws by looking to the common law, as modified by the laws of the state in which they sit." *Pony*, 433 F.3d at 1143; *See also* 42 U.S.C. § 1988(a). Thus, when

deciding whether the wrongful death claim brought by the Nation under § 1983 was assignable, Arizona law governs. *See id.* ("California tort law is the appropriate source from which to obtain the rules of decision for the instant case.").

In Arizona, "[i]t is well established . . . that, absent statutory authorization, an assignment of a cause of action for personal injuries against a third-party tortfeasor is void." *Lingel v. Olbin*, 198 Ariz. 249, 252, 8 P.3d 1163, 1166 (Ct. App. 2000). Further, Arizona courts have held that "causes of action for wrongful death are not freely assignable." *Id.* at 1168. (quotation marks omitted).

The Nation has not pointed to statutory authority allowing for the assignment of Tiffany Robbins' claim to the Nation. Thus, the assignment of the wrongful death claims under § 1983 to the Nation is "void." *Id.* at 1166. To the extent that its standing to bring the claim is based on the assignment of the claim, the Nation lacks standing to bring it.

### D. The Nation lacks organizational standing to bring the § 1983 claims.

In *Hunt v. Washington State Apple Advertising Commission*, the Supreme Court detailed the situation in which an organization has standing to sue on behalf of its members. 432 U.S. 333, 343 (1977). An organization has standing if: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* The third prong of the test, which has been articulated as a prudential rather than a constitutional requirement, *see United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996), generally precludes damages actions brought by organizations on behalf of members absent some statutory exception. *Id.* at 546. Plaintiff identifies no applicable exception here.

To the extent that the complaint alleges a claim under § 1983 for injunctive relief against the Winslow Defendants, the Court concludes below that the complaint fails to state a plausible claim.

\ \ \

### E. The Nation lacks parens patriae standing for the § 1983 damages claims.

"[P]arens patriae standing is inappropriate where an aggrieved party could seek private relief." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017) ("complete relief would be available to the egg farmers themselves, were they to file a complaint on their own behalf."). But if the health or well-being of an entire population is threatened, and individuals are incapable of pursuing their own interests, parens patriae standing may be appropriate. *Id.*

Counts One and Two—the § 1983 claims against the Winslow Defendants—were brought by the Nation both "en parens patriae and as the representative of the [sic] Tiffany Robbins." (Doc. 1 at 12). To the extent that the two claims are brought on behalf of Tiffany Robbins, they cannot be brought in parens patriae because the Nation brings the claims on her behalf—an interest of a particular private party. *See Harris*, 847 F.3d at 651. And in any event, as previously discussed, Tiffany's claims were unassignable.

To the extent that a damages claim is brought in parens patriae on behalf of Navajo Nation members in Winslow, the claim also fails for lack of standing. The complaint does not articulate how the shooting of Loreal Tsingine—the event giving rise to the damages claim—injured other members of the Navajo Nation living in Winslow. Without a concrete, particularized, and actual or imminent injury, the Nation lacks standing. *See Clapper*, 568 U.S. at 409.

The Nation also requests injunctive relief against the Winslow Defendants, asking the court to order the review and adoption of new policies for the use of lethal force, new protocols for interacting with individuals that have mental illnesses, and "culturally-sensitive protocols in dealing with Native Americans." (Doc. 1 at 14). This claim is distinct from the claims for money damages arising out of the death of Ms. Tsingine. The complaint alleges that the City of Winslow and the then-chief of police, Defendant Garnett, implemented and maintained "policies or customs that exhibit[ed] deliberate indifference to the constitutional rights of persons . . . arrested in the City of Winslow and . . . allow[ed] the use of excessive and unnecessary force against members of the public." (*Id.* at 13).

The complaint also alleges that the Winslow Police Department does not train its officers on the proper way to interact with members of the public who suffer from mental illnesses. (*Id.* at 6).

The complaint nevertheless fails to allege a plausible claim for relief under these circumstances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (quotation marks omitted). And the allegation that the City of Winslow does not train its officers on interacting with individuals with mental illnesses does not "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the claim brought under § 1983 for injunctive relief against the Winslow Defendants is insufficient to state a plausible claim for relief and must be dismissed.

Lastly, as previously discussed, the Nation cannot state a claim for relief against the Federal Defendants for the exercise of their prosecutorial discretion under *Bivens*. The Court therefore does not address whether the Nation would have parens standing to bring Count Three.

**IT IS THEREFORE ORDERED** that Motion to Dismiss of Defendants William P. Barr and Eric S. Dreiband (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** directing the Clerk of Court to update the case docket caption to reflect the current holders of the office of Attorney General of the United States, William P. Barr, and Assistant Attorney General for the Civil Rights Division of the Department of Justice, Eric S. Dreiband.

Dated this 7th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge